**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRYAN E. TISDALE,

    Defendant - Appellant.

No. 04-3409
(D.C. Nos. 04-CV-3136-WEB and
99-CR-10016-WEB)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Defendant-Appellant Bryan E. Tisdale, a federal prisoner appearing pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the district

court's order denying relief on his habeas petition pursuant to 28 U.S.C. § 2255.

Because Mr. Tisdale has failed to make a "substantial showing of the denial of a

constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request

and dismiss his appeal.

Mr. Tisdale pleaded guilty to knowingly and intentionally possessing with

the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). On

November 18, 1999, the district court sentenced Mr. Tisdale to 365 months'

imprisonment. We affirmed the conviction, but remanded for resentencing so the district court could decide whether the sentence should run consecutive to, concurrent with, or partially concurrent with a state sentence. United States v. Tisdale, 248 F.3d 964, 984 (10th Cir. 2001). Mr. Tisdale then appealed from the remand sentence, and we affirmed. United States v. Tisdale, No. 01-3380, 2003 WL 295605 (10th Cir. Feb. 12, 2003). In his § 2255 petition, Mr. Tisdale claimed that counsel was ineffective for (1) failing to demonstrate that a search warrant was not supported by probable cause, (2) not raising an Apprendi challenge to an indictment that lacked a quantity term at sentencing or on direct appeal, and (3) not raising an incorrectly calculated criminal history score at sentencing or on direct appeal. In his traverse, he claimed that the government failed to prove intent to distribute, instead it merely proved possession. The district court rejected these claims. R. Doc. 110.

Mr. Tisdale seeks a COA on two issues. First, he argues that the district court violated Fed. R. Crim. P. 11(b)(3) by failing to determine whether a factual basis was present before entering his guilty plea. Second, Mr. Tisdale claims that resentencing is required pursuant to United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005).

First, with regard to Mr. Tisdale's claim that the district court failed to find a factual basis to support his guilty plea, this is a claim that the plea was not

knowing and voluntary. Not having raised such a claim on direct appeal, it is procedurally defaulted unless Mr. Tisdale can show cause and prejudice, or a fundamental miscarriage of justice. Bousley v. United States, 523 U.S. 614, 621-22 (1998). After reviewing the plea colloquy where the charge was read and Mr. Tisdale admitted he possessed 936.79 grams of crack cocaine, the district court's procedural ruling, specifically that Mr. Tisdale cannot show prejudice or a fundamental miscarriage of justice, and hence the claim is procedurally barred, is not reasonably debatable. See I R. Doc. 105, Attach C at 4-5.

Second, Mr. Tisdale argues that resentencing is required pursuant to Booker. However, we have previously decided that, in light of Booker, "Blakely does not apply retroactively to initial § 2255 motions." United States v. Price, No. 04-7058, 2005 WL 535361, at *1 (10th Cir. Mar. 8, 2005). Because Mr. Tisdale's convictions were already final when Blakely was decided, neither Blakely nor Booker require remand for resentencing. Id. at 5.

We DENY Mr. Tisdale's request for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge